In the Matter of METROPOLITAN SAND & GRAVEL CORPORATION, Judgment Creditor, against GEORGE TOSTI, Doing Business as ATLANTIC BUILDERS, Judgment Debtor.

Supreme Court, Special Term, Queens County, October 26, 1949.

*Charles J. Carroll, Jr.,* for judgment creditor.

*Hans I. Lium* for judgment debtor.

*Leo Kessler* for Joseph Schenecker and another, third parties.

COLDEN, J. The judgment debtor is building a house at College Point as a general contractor for a third party. He claims that there is now due him $1,450. The judgment creditor herein has served upon the third party a subpœna containing

the usual provisions enjoining said third party from disposing of any funds due to the judgment debtor. The judgment debtor now moves to vacate said subpœna on the ground that said funds constitute trust funds for the payment of the cost of the improvement and that the third party would be guilty of larceny under section 1302 of the Penal Law if the funds were applied to the payment of the judgment.

Section 36 of the Lien Law provides, in part, that funds received by an owner are trust funds to be applied to the payment of the cost of the improvement and that any owner "who applies or consents to the application of such funds for any other purpose *prior* to paying the cost of improvement is guilty of larceny * * *." (Italics supplied.) There is no inhibition against applying the funds *after* the cost of the improvement has been paid for in response to a lawful order of the court. The present subpœna does not require the owner to pay the funds over to anyone. It merely enjoins the owner from paying them to the judgment debtor until further order of the court. (Civ. Prac. Act, § 781.) There is, therefore, no danger of the owner's being charged with larceny for obeying the injunctive provisions of the subpœna.

Moreover, the judgment creditor, recognizing that its judgment is subordinate to mechanics' liens and to judgments recovered upon claims for materials furnished, labor performed or moneys advanced for the improvement of the real property (Lien Law, § 28), has consented that the owner may, with the approval of the judgment debtor, pay all proper claims of materialmen, laborers, subcontractors and others entitled to file notices of mechanics' liens.

Under the circumstances, the motion to vacate the subpœna is denied. Submit order.